# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
November 28, 2001 Session

## DAVID BOESE v. STATE OF TENNESSEE

### Direct Appeal from the Criminal Court for Bradley County
### No. 98-230    Carroll Lee Ross, Judge

_____

No. E2001-00035-CCA-R3-PC
July 8, 2002

Petitioner pled guilty in state court to second degree murder and aggravated assault. Petitioner contends he was told by trial counsel that a pending first degree murder charge in state court would result in incarceration for life without parole in federal court on related charges. He asserts that trial counsel's performance was deficient resulting in unknowing and involuntary guilty pleas. We disagree and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

H. Franklin Chancey, Cleveland, Tennessee, for the appellant, David Boese.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Charles M. Corn, District Attorney General; and Sandra N. C. Donaghy, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Petitioner David Boese was indicted by a Bradley County grand jury on one count of first degree murder and one count of attempt to commit first degree murder. Petitioner pled guilty to the reduced charge of second degree murder in Count One and the reduced charge of aggravated assault in Count Two. Petitioner was sentenced to nineteen years and ten years respectively. The trial court ordered the sentences be served concurrently. Petitioner then filed his *pro se* petition for post-conviction relief. In his petition, petitioner asserted that certain representations made to him by his federal public defender were detrimental to him. Subsequently, the petition was dismissed by the trial court for its failure to state a claim upon which post-conviction relief could be granted.

Petitioner appealed the dismissal of his petition. This Court reversed and remanded for the trial court to consider the issue of ineffective assistance of counsel and any other cognizable claim. See <u>David L. Boese v. State</u>, No. 03C01-9807-CC-00229 (Tenn. Crim. App., filed at Knoxville, February 2, 2000).

The trial court conducted an evidentiary hearing on July 7, 2000. Subsequent to the hearing, the petition was dismissed, and the petitioner filed a timely notice of appeal.

**Facts**

Petitioner was charged with the first degree murder of Linda Brown and the attempted first degree murder of Daniel Long after shooting the victims and leaving their bodies to be found on the side of a road. When the victims were found, Long identified petitioner as the assailant, and Brown was dead. After the investigation began, petitioner initially denied his involvement in the shooting, but ultimately confessed. Petitioner claimed that Brown and Long were riding in the front seat of his car when an argument began, and Long reached for petitioner's gun. Petitioner contended that during the struggle, the gun discharged, killing Brown and wounding Long. Petitioner also stated that the entire struggle and shooting occurred within the confines of the car. This version of the events differs from Long's version in that Long stated that as the three were riding down the road, petitioner stopped the car and ordered Long out of the car, shot Brown, and then shot Long.

Petitioner was charged with first degree murder and attempted first degree murder in state court. He was also charged in federal court with being a felon in possession of a firearm during the commission of a felony. Trial counsel was appointed to represent petitioner in Bradley County Criminal Court. Separate trial counsel was also appointed to represent petitioner in federal district court. During the case, appointed counsel met with each other to discuss any effect the state prosecution might have on the federal prosecution. Afterwards, petitioner pled guilty in state court to second degree murder and aggravated assault.

*Post-Conviction Hearing*

Petitioner and his state trial counsel were the only witnesses to testify at the post-conviction hearing. Trial counsel testified that petitioner's case was defensible because there was evidence to suggest that petitioner's version of the events was correct. Physical evidence suggested that Long was indeed in the vehicle when he was shot. Further, a blood-splatter expert was prepared to testify that blood evidence found in the vehicle was consistent with petitioner's story. Trial counsel stated that he was prepared to try the case before a jury and argue that there was no proof of premeditation. To further support his contentions, trial counsel stated that a neighbor of both Long and petitioner was prepared to testify that there were no problems between Long and petitioner earlier in the evening of the incident. Trial counsel stated that there was an issue concerning the location of the murder in that the area was "lit up like Sodom and Gomorrah." Trial counsel contended that he could show that no one would premeditate a murder in such an open area and in plain view.

Trial counsel conceded that petitioner could have been found guilty of first degree murder. He stated that if not for the pressure from federal trial counsel regarding the federal case and the amount of time that petitioner faced in the federal prosecution, trial counsel would have recommended that petitioner present his case to a jury.

State trial counsel testified that his conclusions regarding the state prosecution were reached

due to representations written in a letter to him by federal trial counsel. In that letter, federal trial counsel stated:

> I talked with [the assistant United States attorney] and [the district judge] recently. They are in agreement that as long as [petitioner] agrees to plead guilty in state court to anything less than first degree murder, that they will give me the plea agreement which limits [petitioner] to a Level 34, Category VI, which is the plea agreement we are seeking. Of course, if [petitioner] gets acceptance of responsibility from that, it limits his sentence to 19 years and 7 months . . . I would like to get [petitioner] to Cleveland to have him plead guilty in state court to anything other than first degree murder if that is possible.

Trial counsel testified that he explained the plea agreement to petitioner and that petitioner knowingly and voluntarily accepted it. Trial counsel also testified that he did not know for sure the sentence petitioner faced in federal court. He stated that petitioner is an intelligent man and knew exactly what was happening. He further stated that petitioner knew that trial counsel was prepared for trial. Trial counsel explained to petitioner that the plea in state court would not have any control over the case in federal court and that the only thing the state could do was run the sentence concurrently with the federal sentence. Petitioner ultimately received a sentence of nineteen years and seven months in federal court.

Petitioner testified that at the time he entered his guilty plea in state court, he understood that if he were *charged* with first degree murder, then he would receive a sentence of life without parole in his federal case. Petitioner stated that he understood that federal trial counsel and state trial counsel were working together on the cases, and if the state charges were reduced, the federal sentence would also be reduced. Therefore, he thought that if he did not plead guilty in state court, he would receive life without parole in federal court. He then testified that he later found this to be untrue. Petitioner asserted he could have only gotten a life sentence in federal court based upon a first degree murder *conviction* in state court, and without the state court conviction, his federal sentence would have been much lower. He claimed that if he had known that at the time he entered the guilty plea, he would not have entered the guilty plea.

Petitioner claims that the federal charges were used to coerce his guilty plea in state court. In essence, petitioner wanted a trial but was told that if he did not plead guilty in state court, he would receive a sentence of life without parole in federal court. Petitioner claims he was misled because state charges could not be used in federal court until the state charges resulted in a conviction. Petitioner asserts that trial counsel should have checked into the federal law issue more closely and that his failure to do so resulted in ineffective assistance of counsel.

The trial court dismissed petitioner's petition because petitioner failed to establish that trial counsel was ineffective and that the guilty plea was unknowing and involuntary. The trial court further found that trial counsel advised petitioner that a first degree murder conviction was a possibility and that petitioner made a decision to minimize his incarceration resulting from the federal court charges. Finally, petitioner received exactly the federal sentence he was advised he

would receive:  nineteen years and seven months.

## Analysis

The issue presented by the petitioner in this appeal is whether the post-conviction court erred in finding that he had effective assistance of counsel and that his guilty pleas were knowing and voluntary.  Petitioner asserts that his guilty plea was not made knowingly and voluntarily because trial counsel had no independent knowledge of federal criminal law.  As such, petitioner claims he received ineffective assistance of counsel.  We disagree and affirm the judgment of the post-conviction court.

Post-conviction petitioners bear the burden of proving their allegations by clear and convincing evidence.  Tenn. Code Ann. § 40-30-210(f) (1997).  On appeal, the trial court's findings of fact are given the weight of a jury verdict and are conclusive unless the evidence preponderates against them.  Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997); Bates v. State, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997).

In order to receive post-conviction relief on the basis of ineffective assistance of counsel, petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases."  Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).  Second, he must show that the deficiencies "actually had an adverse effect on the defense."  Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 2067, 80 L. Ed. 2d 674 (1984).  In reviewing a claim of ineffective assistance of counsel, this Court need not address both prongs if we determine that the petitioner has failed to carry his burden with respect to either prong. Henley, 960 S.W.2d at 580.

When addressing an attorney's performance, this Court will not "second-guess strategic and tactical choices" made by counsel, and counsel will not be deemed ineffective even if a different strategy might have produced a more favorable result.  Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).  Rather, a court reviewing counsel's performance should "eliminate the distorting effects of hindsight . . . [and] evaluate the conduct from counsel's perspective at the time."  Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.  However, "deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation."  Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996).

Since petitioner pled guilty, he must make an additional showing in order to prevail on an ineffective assistance of counsel claim.  "In cases involving a guilty plea . . . the petitioner must show prejudice by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial."  Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

When reviewing the entry of a guilty plea, the overriding concern is whether the plea is knowingly, voluntarily and understandingly made.  Boykin v. Alabama, 395 U.S. 238, 242-44, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969).  "[A] plea is not 'voluntary' if it is the product of ignorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats . . . ."

Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting Boykin, 395 U.S. at 242-43, 89 S. Ct. at 1712). A court charged with determining whether a guilty plea was voluntary must look to several factors such as the intelligence of the defendant, his familiarity with criminal proceedings, whether he had the opportunity to confer with counsel about other options available to him, and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial. Blankenship, 858 S.W.2d at 904 (citing Caudill v. Jago, 747 F.2d 1046, 1052 (6th Cir. 1984)).

We conclude that petitioner has not demonstrated that the performance rendered by his state trial counsel was ineffective. In the instant case, petitioner simply did not demonstrate how the representation rendered to him by his state trial counsel was prejudicial. Petitioner was offered a certain plea agreement by the federal prosecutor if petitioner pled to anything less than first degree murder in state court. The promise made to him was for nineteen years and seven months in federal court. His state plea agreement allowed him to attain an effective sentence of nineteen years concurrent with the federal sentence. Put simply, petitioner got exactly what he was promised. His acceptance of the pleas allowed him to avoid a possible first degree murder conviction and life sentences in both state and federal courts. There was no prejudicial performance by petitioner's counsel.

We note that plea agreements are almost always entered into for the sole purpose of limiting the amount of time that a defendant may be required to serve in incarceration. Rather than risking a guilty verdict, a defendant hedges his bets and, in turn for a lesser punishment, admits committing a lesser crime. It is the defendant's hope of avoiding a longer sentence that serves as the basis for a decision to plead guilty. In this case, petitioner pled guilty in state court so as to reduce his exposure to possible incarceration from charges in state and federal court. "[T]he entry of a guilty plea to avoid the risk of greater punishment does not make a plea involuntary." Bradford v. State, 2000 Tenn. Crim. App. LEXIS 372, No. M1998-B00078-CCA-MR3-PC (Tenn. Crim. App., filed May 5, 2000, at Nashville), perm. to appeal denied, (Tenn. 2000); see also Wade v. State, 2001 Tenn. Crim. App. LEXIS 687, No. M2000-01260-CCA-R3-PC (Tenn. Crim. App., filed Aug. 30, 2001, at Nashville). The record reflects that petitioner is an intelligent person who knew what was going on during the course of the plea negotiations and was well aware of counsel's willingness and ability to proceed to trial. Petitioner chose to forego that option and entered the subsequent plea. The record supports the finding that petitioner's plea was knowingly and voluntarily made.

Finally, we are compelled to comment on an almost complete lack of evidence presented at petitioner's post-conviction hearing on the issue of ineffectiveness of state trial counsel. This lack of evidence contributes to our decision to deny relief. The only testimony in the record is that of petitioner and his state trial counsel. Indeed, petitioner's federal trial counsel did not testify at the evidentiary hearing, and it is not now known exactly what sentence petitioner would have received in federal court had he not pled guilty to second degree murder in state court. Further, petitioner did not present any evidence regarding the applicability of federal law to either his state or federal case. We agree with the State that petitioner failed to establish what federal law was implicated, how it applied, and its subsequent effect on petitioner's case. Petitioner's claim is without merit.

## CONCLUSION

Accordingly, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE